UNITED STATES DISTRICT COURT
Western District of Texas
Austin Division

| | | |
|---|---|---|
| MELISSA PATTERSON | § | CASE NUMBER: 1:15-cv-00173 |
| | § | |
| V. | § | |
| | § | |
| FINANCIAL FILING & | § | |
| REPORTING, INC., d/b/a | § | **DEMAND FOR JURY TRIAL** |
| GLC FINANCIAL | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

1. This is an action for actual and statutory damages and for declaratory relief brought by Melissa Patterson against Financial Filing & Reporting, Inc., d/b/a GLC Financial, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), the Texas Debt Collection Act, Tex. Finance Code § 392.001, *et seq.* ("TDCA"), and the Texas Deceptive Trade Practices Act, Subchapter E, Chapter 17, Business & Commerce Code ("DTPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to U.S.C. § 2201 and 2202. Venue in this District is proper in that Defendant transacts business here and the conduct complained of occurred here.

3. Plaintiff Melissa Patterson, ("Patterson") is a natural person residing in Williamson County, Texas, who allegedly owed an unpaid balance on a credit card obtained for personal use. Patterson is a "consumer" as defined by the FDCPA at 15 U.S.C. § 1692a(3) and by the TDCA at Tex. Fin. Code § 392.001(1).

4. Defendant Financial Filing & Reporting, Inc., d/b/a GLC Financial ("GLC") is a collection agency based in Florida and is in the business of collecting

consumer debt in this State.  Using instruments of interstate commerce, GLC sought to collect from Patterson the unpaid balance allegedly due on a credit card debt.  GLC has failed to maintain the required surety bond with the Texas Secretary of State to engage in debt collection activities in Texas.  GLC is a "debt collector" as defined by the FDCPA at 15 U.S.C. § 1692a(6) and by the TDCA at Tex. Finance Code § 392.001(6). GLC is also a "third-party debt collector" as defined by the TDCA at Tex. Fin. Code § 392.001(7).

## FACTUAL ALLEGATIONS

5. On January 20, 2015, Plaintiff received telephone calls from her mother and her sister worried about her well being because of alarming telephone calls from GLC & Associates who was attempting to locate Plaintiff.

6. Plaintiff's mother indicated that GLC had called her cell phone several times that morning but only left one message.  The message indicated that Plaintiff had given GLC her name as a point of contact and they wanted to relay a message through her to Plaintiff because Plaintiff had given them incorrect contact information.

7. Plaintiff's sister indicated she received a similar message from GLC.

8. Later in the day on January 20, 2015, Plaintiff received a voicemail message on her cell phone from GLC & Associates that was addressed to Plaintiff's husband.  The message stated that Plaintiff had given their firm ("GLC") incorrect contact information and that he was a point of contact for Plaintiff.  The message further stated that Plaintiff should call them prior to their processing the case through the county for legal review.

9. Plaintiff returned the call later that day, January 20, 2015, and spoke with Nettie.  Nettie indicated that they were calling to collect on a debt owed to Best Buy.  Nettie stated the balance was about $8,000 and that she would be re-reporting the debt to

the credit bureaus.  Plaintiff told Nettie that she was represented by counsel in regards to the debt in question and provided her attorney's name and contact information.

10. On January 20, 2015, GLC faxed a settlement offer letter to Plaintiff's counsel.  Said settlement offer letter stated that the balanced owed was $4,829.35 and not the $8,000.00 that was previously demanded.  The settlement letter also states in part the following, "In order to complete the restitution you have set up…"  This is a false statement as Plaintiff nor Plaintiff's counsel agreed to anything with GLC.  Additionally the use of the term "restitution" infers that Plaintiff committed a criminal act.  A copy of the settlement offer letter is attached hereto as Exhibit "A".

11. On February 11, 2015 GLC placed several phone calls to Plaintiff's husband's cell phone, despite the fact that GLC had already been provided notification that Plaintiff was represented by counsel.

12. On February 13, 2015 GLC called Plaintiff and left a voicemail message.  Plaintiff returned the call and spoke to Sally Thompson who stated that GLC was going to get a judgment on this matter but that Plaintiff could set up a payment plan with them directly.  Plaintiff once again advised GLC that she was represented by counsel and again provided her attorney's name and contact information.

13. The foregoing acts and omissions of the Defendant was undertaken by it willfully, intentionally, knowingly, and/or in gross disregard of the rights of the Plaintiff.

14. The foregoing acts and omissions of the Defendant was undertaken by it indiscriminately and persistently, as part of their regular and routine collection efforts, and without regard to or consideration of the identity or rights of the Plaintiff.

15. As a proximate result of the foregoing acts and omissions of the Defendant, Plaintiff has suffered actual damages and injury, including but not limited to,

stress, humiliation, mental anguish and suffering, and emotional distress, for which Plaintiff should be compensated in an amount to be proven at trial.

16.  All of Defendant's actions occurred within one year of the date of this Complaint. Moreover, the actions made by Defendant in its collection attempts are to be interpreted under the "unsophisticated consumer" standard. (See, Bartlett v. Heibl, 128 F3d. 497, 500 (7th Cir. 1997); Chauncey v. JDR, 118 F.3d 516, 519 (7th Cir. 1997); Avila v. Rubin, 84 F.3d 222, 226 (7th Cir. 1996); and Gammon v. GC Services, LTD. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violations Of The FDCPA

17.  Plaintiff repeats and incorporates by reference the preceding paragraphs.

18.  GLC violated 15 U.S.C. § 1692c(a)(2) by communicating with the Plaintiff after being notified that Plaintiff was represented by counsel.

19.  GLC violated 15 U.S.C. § 1692c(b) by communicating with Plaintiff's mother and sister.

20.  GLC violated 15 U.S.C. § 1692d, in general, by using conduct the natural consequence of which was to harass, oppress or abuse the Plaintiff.

21.  GLC violated 15 U.S.C. § 1692e, in general, by using false, deceptive, and misleading representations and means to collect the purported debt.

22.  GLC violated 15 U.S.C. § 1692e(2), by misrepresenting the legal status of the debt by claiming they were going to obtain a judgment against Plaintiff.

23.  GLC violated 15 U.S.C. § 1692e(2), by misrepresenting the amount owed on the debt.

24.  GLC violated 15 U.S.C. § 1692e(4), by falsely representing that plaintiff was to pay restitution, inferring that Plaintiff had committed a criminal act.

25. GLC violated 15 U.S.C. § 1692e(8), by threatening to re-report the debt to the credit bureaus.

26. GLC violated 15 U.S.C. § 1692e(10), in general, by making false and deceptive means to collect a debt from Plaintiff.

27. GLC violated 15 U.S.C. § 1692e(14), by using a name other than the true name of the business.

28. GLC violated 15 U.S.C. § 1692f, in general, by using unfair and unconscionable means to collect the purported debt.

29. Under 15 U.S.C. § 1692k, Defendant's violations of the FDCPA render it liable to Plaintiff for statutory damages, actual damages, costs, and reasonable attorney's fees.

## COUNT II
## Violations of the Texas Debt Collection Act

30. Plaintiff repeats and incorporates by reference the preceding paragraphs.

31. GLC violated Tex. Fin. Code § 392.301(a)(2) by falsely representing plaintiff was to pay restitution, inferring that Plaintiff had committed a criminal act.

32. GLC violated Tex. Fin. Code § 392.301(a)(6) by falsely threatening that they would process the case through the county and obtain a judgment.

33. GLC violated Tex. Fin. Code § 392.304(a)(1) by using a name other than the true name of the business.

34. GLC violated Tex. Fin. Code § 392.304(a)(3) by falsely representing to Plaintiff's mother and sister that they have information of something of value for the Plaintiff in order to discover information.

35. GLC violated Tex. Fin. Code § 392.304(a)(8) by misrepresenting the character of the debt by stating they would process the case through the county and obtain a judgment.

36. GLC violated Tex. Fin. Code § 392.304(a)(8) by misrepresenting the amount owed on the debt.

37. GLC violated Tex. Fin. Code § 392.302(a) by failing to maintain the required security bond in order to collect debt in the state of Texas.

38. Under Tex. Fin. Code Ann. § 392.403, the GLC's violations of the TDCA render it liable to Plaintiff for statutory damages, injunctive relief, declaratory relief, costs, and reasonable attorney's fees.

## COUNT III
### Violations of the Texas Deceptive Trades Practices Act

39. Plaintiff repeats and incorporates by reference the preceding paragraphs.

40. GLC violated the DTPA. Tex. Fin. Code § 392.404(a) provides that a violation of the TDCA is a violation of the DTPA.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Patterson respectfully requests that judgment be entered against Defendant GLC for the following:

1. Declaratory judgment that the conduct of Defendant violated the FDCPA, the TDCA and the DTPA;
2. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1), Tex. Fin. Code § 392.403(a)(2), and Tex. Bus. & Com. Code § 17.50(h);
3. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);
4. Costs of court and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3), Tex. Fin. Code § 392.403(b), and Tex. Bus. & Com. Code § 17.50(d); and
5. Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Heston Ciment, PLLC

/s/ Daniel J. Ciment
_____
James B. Heston
Texas Bar No. 00787689
Daniel J. Ciment
Texas Bar No. 24042581
1800 S. Mason Rd.,
Suite 240
Katy, TX 77450
713-270-4833 – phone
713-583-9296 – fax
Daniel@HestonCiment.com
ATTORNEYS FOR PLAINTIFF